UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NORMAN L. SIRAK,** | ) | CASE NO. 5:08CV169 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **J.P. MORGAN CHASE & CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon consideration of the proper venue for the above-captioned action. The Court issued a Show Cause Order (ECF DKT #14) on October 20, 2008; and the parties submitted their timely responses. For the following reasons, the Court FINDS, in the interest of justice and for the convenience of parties and witnesses, the United States District Court for the Western District of Texas is the appropriate venue; and ORDERS this case transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a).

**I. FACTUAL BACKGROUND**

The instant Complaint was filed on January 18, 2008, based upon diversity jurisdiction. Defendant, J.P. Morgan Chase & Co., is described as a Delaware Corporation with its

headquarters located in New York City. Plaintiff, Norman L. Sirak, an Ohio resident, is an attorney and Trustee, allegedly holding legal title to Nine Hundred Georgia Power Company bonds, issued in 1971, each bearing a face value of Ten Thousand Dollars. Shawn Gregory Smith, the alleged beneficial owner of the bonds, is a prison inmate residing in the State of Texas. Plaintiff is seeking to recover, on behalf of Shawn Smith, lost proceeds and interest from the Georgia Power Company bonds Smith alleges were purchased for him by his grandmother in 1971. Plaintiff asserts four claims for relief against J.P. Morgan Chase & Co.: (1) Failure of consideration resulting in Constructive Fraud; (2) Breach of Fiduciary Duty and Breach of Trust; (3) False Statements, Misrepresentations resulting in Malice; and (4) Malfeasance, Misfeasance and Nonfeasance.

## **II. LAW AND ANALYSIS**

Plaintiff's Complaint recites that venue is invoked pursuant to 28 U.S.C. § 1391(a)(3). 28 U.S.C. § 1391(a) states:

> (A) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Pursuant to 28 U.S.C. § 1404(a), this Court has broad discretionary powers to transfer civil actions. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." A district court may transfer a case *sua sponte* pursuant to 28 U.S.C. § 1404(a). *Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir. 1989). However, "[a] court considering

*sua sponte* transfer of venue should inform the parties of its considerations and should give them an opportunity to be heard on the matter." *Abuhouran v. R.L. Morrison*, No. 4:06CV1207, 2007 WL 4276667 (N.D. Ohio Nov. 30, 2007) at *1 (citing *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006)).

When considering whether a change of venue is warranted, the district court must weigh case-specific factors, public-interest factors and private concerns. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531 (6th Cir. 2002). Case-specific factors include, but are not limited to:

(1) the nature of the suit;

(2) the place of events involved;

(3) relative ease of access to sources of proof;

(4) nature and materiality of testimony to be elicited from witnesses who must be transported; and

(5) residences of parties.

*Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039 (S.D. Ohio 2002).

Private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of compulsory process for attendance of unwilling witnesses;

(3) the cost for obtaining attendance of willing witnesses;

(4) the possibility of inspecting the premises, if appropriate; and

(5) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (decided under the more stringent *forum non conveniens* standard superseded by § 1404).

Public interest factors include:

(1) administrative difficulties of courts with congested dockets;

(2) the burden of jury duty on members of a community with no connection to the litigation;

(3) the local interest of having localized controversies decided at home; and

(4) the appropriateness of having diversity cases tried in a forum which is familiar with the governing law.

*Gulf Oil*, 330 U.S. at 508.

Also, the district court must grant substantial weight to the plaintiff's choice of forum, and not disturb that choice unless the balance tips strongly in favor of the defendant.  *Picker Intern. Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

Plaintiff Trustee and his counsel are residents of this judicial district.  Defendant, J.P. Morgan Chase & Co., conducts business here and is subject to personal jurisdiction in the Northern District of Ohio.  Plaintiff is in ill health and has been strongly advised against travel by his physicians.  Plaintiff places a great deal of confidence in his Ohio lawyer.  Defendant accedes to Plaintiff's decision to litigate in this district.  Further, Defendant asserts the ease of access to sources of proof does not justify transfer.  Defendant also points out the case has been pending in Cleveland for some time and there is an outstanding dispositive motion.

On the other side of the ledger, Plaintiff acknowledges that proof of the existence and ownership of the Georgia Power Company bonds is paramount.  In the Court's view as well, Defendant's liability is dependent upon discovering the bonds registered in the name of Shawn Smith.  Proof of this key piece of the puzzle could rely upon the administration of the will and estate of Shawn Smith's grandmother or upon the interpretation of the Texas laws of descent and

distribution.  Letters attached to Plaintiff's Complaint (ECF DKT #1-4) show attempts in late 2005 by Shawn Smith to make inquiry of J.P. Morgan Chase & Co. in Dallas, Texas concerning the Georgia Power Company bonds.  Searches of their database did not turn up any record of bonds registered under Smith's name or Social Security Number nor under the name of his grandmother or her company, Professional and Clinical Laboratory.  In addition, Smith's requests could not be honored without copies of a Certificate of Appointment of Executor or Administrator and a certified copy of the Death Certificate of the registered owner, all out of the state of Texas.  Since federal law, as reflected in the probate exception to federal diversity jurisdiction, generally favors deferring to state courts on probate matters, transfer from Ohio to Texas is desirable.

In the Trust Agreement attached to Plaintiff's Complaint, it is admitted: "This litigation is likely to be filed in Federal Court in Ohio, but there may be other more appropriate venues." (ECF DKT #1-3, p.5).  Moreover, the purpose of the trust relationship is to recover Shawn Smith's property held in Texas as unclaimed.  *Id*.  The Trust Agreement further recites that Shawn Smith, as a small boy, witnessed the acquisition of the bonds by his grandmother from a securities broker in Texas; that the bonds were recovered and sent to the Texas Comptroller in 1975 or 1976; and that the corpus of the trust includes any other bonds or stocks from Smith's grandmother or father who died in Texas, and any other property in probate or held by the estate of his father left by inheritance to Shawn Smith.

The Report of the Parties' Planning Meeting (ECF DKT #15) demonstrates Plaintiff seeks electronic discovery from a New York non-party as well as documents from the office of the Texas Comptroller; and Defendant intends to depose Shawn Smith and any individuals with

whom he and Plaintiff communicated regarding the subject matter of this suit. Subpoenas and compulsory process for the attendance of unwilling witnesses outside of Ohio are not easily nor inexpensively available.

As the Court noted previously, Defendant makes the following observation in footnote #6 of its Memorandum in Support of Motion to Dismiss (ECF DKT #3-2, p.16):

> "The alleged wrongdoing (denied by J.P. Morgan) giving rise to the claims asserted purportedly occurred in Texas. Shawn resides, and, at all times material, resided, in Texas, as did his mother and grandmother. Therefore, J.P. Morgan will refer to Texas law, and decisions rendered within the jurisdiction of the Fifth Circuit. *See, e.g., Saglioccolo v. Eagle Insurance Co.*, 112 F.3d 226, 230 (6th Cir. 1997) ("A district court sitting in diversity must apply the conflict-of-laws rules of the state in which it sits . . . Ohio courts apply the principles in the Restatement (Second) of Conflict of Laws, directing courts to apply the law of the state with the most significant contacts to the dispute." (citations omitted). *See, also, Libbey-Owens-Ford Company v. Insurance company of North America*, 9 F.3d 422, 429 (6th Cir. 1993) (same)."

Considering the public interest factors governing the decision to transfer venue, the Court finds there would be more significant local interest in a Texas jurisdiction in the localized controversy which underlies this litigation. Furthermore, a potential jury pool should be connected to the litigation; and that connection more likely exists in Texas. Prejudice to either Plaintiff Trustee or Defendant J.P. Morgan Chase & Co. is not identified by either party and is a non-existent factor in this Court's analysis.

### III. CONCLUSION

For the convenience of the parties and witnesses, and in the interests of justice, this Court has carefully considered the private concerns of the parties, Plaintiff's choice of forum (which is entitled to great weight), the location of records, documents and witnesses, the nature of the suit,

the public interests of the judicial system, state sovereignty, localized connection of residents and potential jury members, and the minimal ties of this litigation to the Northern District of Ohio. Therefore, this Court finds the balance of all relevant factors weighs strongly in favor of transfer. *Jeffrey Mining Products v. Left Fork Mining Company*, 992 F.Supp. 937 (N.D. Ohio 1997). The above-captioned case is transferred to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

**DATE: November 5, 2008**

                                               **s/Christopher A. Boyko**
                                               **CHRISTOPHER A. BOYKO**
                                               **United States District Judge**